

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Michael Andreas Ratzlaff and<br>Kerry Ann Ratzlaff,<br><br>Debtors. | Case No. 06-00243-jw<br>Chapter 13 |
| W. Clarkson McDow, Jr., United States Trustee for Region Four,<br><br>Plaintiff,<br><br>v.<br><br>Michael Andreas Ratzlaff and<br>Kerry Ann Ratzlaff,<br><br>Defendants. | Adv. P. No. 06-80048-jw |

## ORDER DENYING DISCHARGE

This adversary proceeding comes before the Court on the complaint of the United States Trustee ("UST") pursuant to 11 U.S.C.A. § 1328(f)(1) seeking to deny the debtor's discharge.[1] Jurisdiction for this proceeding is premised upon 28 U.S.C.A. §§ 1334(a,b) and 157(a). This adversary proceeding is a core proceeding. 28 U.S.C.A. § 157(b)(2)(J).

This proceeding arises under Title 11 and arises in and relates to the chapter 13 bankruptcy case of *Michael Andreas Ratzlaff and Kerry Ann Ratzlaff*, Case No. 06-00243-W, pending before the court. Venue of this proceeding appropriately exists in this district. 28

---

[1] Further reference to Title 11 U.S.C. § 101, *et seq.* will be by section number only.

U.S.C.A. § 1409(a). The UST has the authority to bring this action pursuant to his statutory authority as set forth at 28 U.S.C.A. § 586.

The UST filed his complaint on February 9, 2006. The defendants, Michael Andreas Ratzlaff and Kerry Ann Ratzlaff, filed their answer on March 12, 2006. The Defendants withdrew their answer at the hearing.

## FINDINGS OF FACT

The facts, which are not in dispute, are as follows:

1. W. Clarkson McDow, Jr., is the UST for Region Four ("Plaintiff").

2. Michael Andreas Ratzlaff and Kerry Ann Ratzlaff ("Defendants") are residents of Lexington, South Carolina.

3. On January 24, 2006, the Defendants filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the instant case.

4. Previously, on April 18, 2002, the Defendants filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, New Haven Division, Case No. 02-31909.

5. On August 6, 2002, the Defendants received a Chapter 7 discharge in Case No. 02-31909, in the United States Bankruptcy Court for the District of Connecticut, New Haven Division.

6. The Defendants filed their pending chapter 13 case approximately three years and nine months after filing their previous case.

2

## CONCLUSIONS OF LAW

Section 1328(f) was enacted as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) (BAPCPA) and went into effect on October 17, 2005. Section 1328(f) provides, in pertinent part:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
>
> > (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or . . .

In their answer, the Defendants argued that § 1328(f)(1) "can be read that the 4 year period runs from discharge to discharge, thus allowing the debtors to receive a discharge in this current case." The Defendants withdrew their answer.

The Court finds that § 1328(f)(1) operates to deny the Defendants a discharge in this case. Section 1328(f)(1) clearly provides that debtors in a chapter 13 case may not receive a discharge in their case when they received a discharge in a previous case and that previous case was filed within four years prior to the filing of the pending case. The Defendants initiated this Chapter 13 proceeding within four years of the date they commenced Case No. 02-31909 in Connecticut - a case in which the Defendants received a discharge. Accordingly, the Defendants are not entitled to receive a discharge in this case.

The Defendants' discharge should be and hereby is denied pursuant to § 1328(f)(1).

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
April 24, 2006